**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| ANTHONY C. SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:12-cv-2866-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| TRAWLER CAPT. ALFRED, INC. and | ) | |
| C.B. POTTER, LLC, trading as CAROL | ) | |
| POTTER FLEET, *in personam*, and F/V | ) | |
| BIRDIE P, her engines, tackle, gear, etc., | ) | |
| *in rem*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on a motion to compel discovery responses filed by defendants Trawler Capt. Alfred and C.B. Potter, LLC (collectively, "defendants").  For the reasons given below, the court grants in part and denies in part defendants' motion.

**I.   BACKGROUND**

Because the specific facts underlying this case are not directly at issue here, the court includes only a brief summary of the events alleged in the complaint.  Plaintiff Anthony C. Smith, Jr. ("Smith") was a seaman and member of the crew of F/V BIRDIE P, which was jointly or severally owned, operated, and managed by Trawler Capt. Alfred and C.B. Potter.  Compl. ¶ 7-9.  Smith was injured on December 21, 2011, when Smith's clothing became caught in a winch used to retrieve fishing nets, ensnaring him in the winch and net.  Compl. ¶ 10-13.  Smith was wound around the winch "like a pinwheel with his head and body slamming to the deck on each revolution until his fellow crewmembers were able to turn the winch off."  Compl. ¶ 14.  As a result of this incident, Smith suffered serious injuries.  Compl. ¶ 15.

1

On October 4, 2012, Smith filed this suit alleging unseaworthiness, Jones Act negligence, and failure to pay maintenance, cure, and unearned wages.  Defendants moved the court to compel discovery responses on March 4, 2014.  Smith responded on March 14, 2014, and defendants replied on March 20, 2014.  The matter is now fully briefed and ripe for the court's review.

## II.  STANDARDS

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons who know of any discoverable matters."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  Rather, information is relevant and discoverable if it relates to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

If a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  An evasive or incomplete disclosure, answer, or response, "must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(4).  "The scope and conduct of discovery are within the sound discretion of the district court."  Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568

n.16 (4th Cir. 1995) (citing <u>Erdmann v. Preferred Research, Inc. of Ga.</u>, 852 F.2d 788,

792 (4th Cir. 1988)).

### III.  DISCUSSION

On November 18, 2013, defendants served written discovery requests on Smith.

Defs.' Mot. Ex. 1.  Defendants deposed Smith the next day.  Pl.'s Resp. 1.  Smith served

his discovery responses on January 21, 2014.  Defs.' Mot. Ex. 2.  Defendants contend

that the responses to eleven interrogatories and one request for production are deficient or

nonresponsive because the responses contain only cursory references to other litigation

documents.  <u>See, e.g.</u>, Defs.' Mot. Ex. 2 (Smith's responses to interrogatories include:

"See pleadings and Plaintiff's deposition," "See pleadings, previously produced medical

records and Plaintiff's deposition," "See pleadings filed by Plaintiff," and "See plaintiff's

deposition").

Rule 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not

objected to, be answered separately and fully in writing under oath."  "Because Rule

[33(b)(3)] requires a party to answer each interrogatory 'fully,' it is technically improper

and unresponsive for an answer to an interrogatory to refer to outside material, such as

pleadings, depositions, or other interrogatories."  <u>Equal Rights Ctr. v. Post Props., Inc.</u>,

246 F.R.D. 29, 35 (D.D.C. 2007) (citation omitted).  An answer to an interrogatory that

simply incorporates the complaint or a deposition is therefore unresponsive.  <u>See</u> <u>Cont'l</u>

<u>Ill. Nat. Bank & Trust Co. of Chicago v. Caton</u>, 136 F.R.D. 682, 687 (D. Kan. 1991)

("Incorporation by reference to a deposition is not a responsive answer."); <u>King v. E.F.</u>

<u>Hutton & Co.</u>, 117 F.R.D. 2, 6 (D.D.C. 1987) ("Defendant cannot avoid answering

interrogatories by referring the plaintiffs to its pleadings, no matter how detailed.");

United States v. W. Va. Pulp & Paper Co., 36 F.R.D. 250, 251 (S.D.N.Y. 1964) ("It is not the office of an answer to an interrogatory to merely restate virtually in haec verba the allegations of the complaint.  Like the other discovery rules, Rule 33 is to be given a broad and liberal interpretation in the interest of according to the parties the fullest knowledge of the facts and of clarifying and narrowing the issues." (citation and quotation mark omitted)).

Smith contends that his answers are proper because Rule 33(d) permits a party to "respond to an interrogatory by specifying the records where the answer may be found." Pl.'s Resp. 2.  Rule 33(d) provides:

> (d) Option to Produce Business Records.  If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> > (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> >
> > (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

As noted by defendants, Rule 33(d) "applies to 'business records' from which raw data and facts can be discovered."  Cont'l Ill. Nat. Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 687 (D. Kan. 1991).  "The rule does not mention deposition transcripts, documents or writings that were generated, or discovered, respectively, during the course of prior discovery in the same case, only portions of which may be relevant to the issues for trial."  Id.  (emphasis omitted).  Because Smith does not claim to answer defendants'

4

interrogatories based on information contained in business records, Rule 33(d) is not applicable to the present motion.

Smith's cursory references to the pleadings, his deposition, and his medical records are not responsive answers to defendants' interrogatories. Therefore, the court orders Smith to fully respond to the following interrogatories:  3, 4, 5, 6, 7, 8, 9, 11, 13,[1] 20, and 23.  In their motion, defendants also contend that Smith did not produce documents responsive to request for production number 11, which requests Smith's "state and federal income tax returns for the five (5) years leading up to the events alleged in the Plaintiffs Complaint and for the time period between the alleged incident and the commencement of this litigation."  Defs.' Mot. Ex. 1.  Smith has indicated that while he has requested these tax returns, he does not yet have them in his possession.  Pl.'s Resp. 8.  Because Smith cannot produce what he is not in possession of, the court denies defendants' motion as it relates to request for production number 11.  Of course, Smith should produce any tax returns to defendants if and when he receives them.

## IV.   CONCLUSION

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** defendants' motion to compel.

---

[1] As written, interrogatory number 13 asks whether Smith "consumed any alcohol and/or drugs, legal or illegal, within the 24-hour period of time preceding the collision." Defs.' Mot. Ex. 1.  Smith responded that the interrogatory "cannot be answered as there was no collision."  Defs.' Mot. Ex. 2.  In their motion, defendants ask the court to allow them to substitute the word "incident" for the word "collision."  Defs.' Mot. 4.  The court grants this request.  Therefore, when responding to interrogatory number 13, Smith should substitute the word "incident" for the word "collision."

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 13, 2014**
**Charleston, South Carolina**